UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CLAYTON VENTURES, L.L.C., AND TERRELL CLAYTON | CIVIL ACTION NO.: |
| VERSUS | JUDGE: |
| SCOTTSDALE INSURANCE COMPANY | MAGISTRATE JUDGE: |

**NOTICE OF REMOVAL**

TO THE HONORABLE JUDGES OF THE U. S. DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:

**NOW INTO COURT**, through undersigned counsel, comes defendant Scottsdale Insurance Company ("Scottsdale"), who respectfully files this Notice of Removal based on the following:

1.

Plaintiffs, Clayton Ventures, LLC and Terrell Clayton, filed suit in the Civil District Court for the Parish of Orleans, State of Louisiana, in the action entitled *Clayton Ventures, L.L.C., and Terrell Clayton v. Scottsdale Insurance Company*, Docket No. 2023-10061, Division "I," Section 5, on or about August 29, 2023.

2.

For the reasons set forth below, Scottsdale respectfully suggests that this Court has subject matter jurisdiction over this proceeding in accordance with 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

3.

Scottsdale was served with Plaintiffs' Petition for Damages through the Louisiana Secretary of State on or about October 11, 2023. Scottsdale has not filed an Answer to

Plaintiffs' Petition or otherwise made an appearance in the state court proceedings. Therefore, the period for filing a Notice of Removal has not lapsed.

4.

As reflected in Plaintiffs' Petition, Plaintiff, Terrell Clayton, is "a person of the full age of majority and domiciled in the Parish of Orleans, State of Louisiana."[1] For purposes of diversity jurisdiction, the citizenship of a natural person is determined by the individual's domicile. *Williams v. Bolotovsky*, 2017 U.S. Dist. LEXIS 171170, at *12 (E.D. La. 2017). Terrell Clayton is a Louisiana domiciliary. Domiciliary status and citizenship are synonymous for individuals. 28 U.S.C. § 1332. Therefore, Plaintiff, Terrell Clayton, is a Louisiana citizen.

5.

As reflected in Plaintiffs' Petition, Plaintiff, Clayton Ventures, LLC, is "a domestic limited liability company."[2] Citizenship of a Limited Liability Company is determined by the citizenship of its members/managers. 28 U.S.C. § 1332. Plaintiff's business filings with the Louisiana Secretary of State[3] indicate that Plaintiff has one member. These filings reflect that Plaintiff's member is Terrell P. Clayton.[4] Based on reasonable belief after a review of documents received from the Louisiana Secretary of State, this is Plaintiff's only member/manager.

---

[1] Exhibit A, State Court Pleadings, Plaintiffs' Petition at Introductory ¶.
[2] Exhibit A, State Court Pleadings, Plaintiffs' Petition at Introductory ¶.
[3] See Exhibit B, Louisiana Secretary of State Records for Clayton Ventures, LLC.
[4] See Exhibit B, Louisiana Secretary of State Records for Clayton Ventures, LLC.

6.

Clayton Ventures, LLC's filings with the Louisiana Secretary of State indicate that Terrell P. Clayton's address is 5831 West End Blvd., New Orleans, Louisiana 70122.[5] As stated above, domiciliary status and citizenship are synonymous for individuals. 28 U.S.C. § 1332. Terrell Clayton is a Louisiana domiciliary. Thus, Plaintiff's member is domiciled in Louisiana. Because he is domiciled in Louisiana, he is a Louisiana citizen for the purpose of citizenship. *Id.* Thus, Clayton Ventures, LLC's member is a Louisiana citizen. Accordingly, Clayton Ventures, LLC is a Louisiana citizen.

7.

As stated in the Petition, Scottsdale is a "foreign insurance company."[6] For purposes of diversity jurisdiction, a corporation is a citizen of its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332. Scottsdale is an Ohio corporation with its principal place of business in Ohio.[7] Accordingly, Scottsdale is a citizen of Ohio.

8.

Plaintiff, Terrell Clayton, is a citizen of Louisiana. Plaintiff, Clayton Ventures, LLC, is a citizen of Louisiana. Defendant, Scottsdale, is a citizen of Ohio. Therefore, the parties in this case are completely diverse.

9.

A defendant seeking to remove a case must also establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.00 to maintain diversity

---

[5] See Exhibit B, Louisiana Secretary of State Records for Clayton Ventures, LLC.
[6] Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶ 1.
[7] See Exhibit C, Ohio Secretary of State Records for Scottsdale Insurance Company.

jurisdiction. *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002). A defendant may prove the jurisdictional amount in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000.00 or (2) 'by setting forth *the facts* in controversy that support a finding of the requisite amount.'" *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (emphasis in original)).

10.

The allegations in Plaintiffs' Petition, combined with Scottsdale's claims history for Plaintiffs' claim, together indicate that the amount in controversy exceeds the jurisdictional amount set forth under 28 U.S.C. 1332(a).

11.

Plaintiffs have stipulated that their damages exceed $75,000.00, exclusive of interest and costs.[8] Scottsdale has reached out to Plaintiffs' counsel for a stipulation that damages are less than $75,000.00, exclusive of interest and costs.[9] Plaintiffs' counsel has not responded to this request to negate the contention that Plaintiffs' damages do not exceed $75,000.00. Accordingly, based on reasonable belief, Plaintiffs do not stipulate that their damages are less than $75,000.00.

12.

Alternatively, Plaintiffs' property has a dwelling property limit of $257,000.00. Plaintiffs claim they are owed the full value of allegedly covered damages and/or insurance proceeds, and are entitled to damages for underpayment of covered

---

[8] See Exhibit D, Email correspondence with Plaintiffs' counsel.
[9] See Exhibit D, Email correspondence with Plaintiffs' counsel.

damages/repairs.[10] To date, Scottsdale has made total payment on Plaintiffs' claim for the subject property under the dwelling policy limit in the amount of $35,275.82. Thus, $221,724.18 in coverage remains under Plaintiffs' dwelling policy limit.

13.

In addition, Plaintiffs' property has a fair rental value limit of $25,700.00. Plaintiffs claim they "have incurred and will continue to incur loss of rents as a result of the alleged damages caused to the property by Hurricane Ida",[11] and claim they are entitled to damages for lost rent.[12] To date, Scottsdale has not issued any payments to Plaintiffs under the fair rental value policy limit. Thus, $25,700.00 in coverage remains under Plaintiffs' fair rental value policy limit.

14.

Therefore, based on reasonable belief, $247,424.18 remains under Plaintiffs' policy for the coverage limits under which Plaintiffs claim they are entitled to damages. Although Plaintiffs have not provided Scottsdale with estimates accounting for the amount of damages claimed, considering the amount of insurance involved in this claim and the damages claimed by Plaintiffs, it is likely that the amount in dispute exceeds the jurisdictional limit.

15.

Plaintiffs further allege that Scottsdale violated Louisiana's bad faith statutes, including La. R.S. 22:1892 and 22:1973.[13] If Scottsdale is found to have violated La. R.S.

---

[10] Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶¶ 14 and 38.
[11] Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶ 20.
[12] Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶ 38.
[13] Exhibit A, State Court Pleadings, Plaintiffs' Petition at ¶¶ 27, 31, and 32.

22:1892, Plaintiffs could be entitled to an award of penalties up to half the amount they are found to be owed under the policy, plus attorney fees.

16.

Accordingly, based on reasonable belief, Plaintiffs seek at least $247,424.18 in actual damages, plus as much as $123,712.09 in penalties under La. R.S. 22:1892, plus attorney's fees (i.e., a sum of $398,136.27 plus attorney's fees).

17.

Further, if Scottsdale is found to have violated La. R.S. 22:1973, Plaintiffs could be entitled to an award of penalties that equal as much as double the amount of their damages, plus any damages incurred as a consequence of Scottsdale's alleged failure to pay, plus attorney fees. La. R.S. 22:1973(C).

18.

Accordingly, based on reasonable belief, Plaintiffs seek at least $742,272.54 in damages and penalties under La. R.S. 22:1973, plus attorney's fees. Thus, the total amount in controversy well exceeds the jurisdictional amount of $75,000.00.

19.

Therefore, because Plaintiffs are diverse from Scottsdale, and because the amount in controversy exceeds the jurisdictional amount, 28 U.S.C. § 1332 grants this Court original jurisdiction over this action. 28 U.S.C. §1441 further authorizes the removal of this action to this Court.

20.

Scottsdale is the only named defendant in this lawsuit and thus is not required to seek the consent of any other defendant. 28 U.S.C. § 1446(b)(2)(a).

21.

A copy of this Notice of Removal is being served on Plaintiffs through their counsel of record and a copy of said Notice of Removal will be filed promptly with the Clerk of Court for the Civil District Court for the Parish of Orleans, State of Louisiana.

22.

Based on information and belief, Exhibit "A" hereto consists of all pleadings and process contained in the state court record as of the date of the filing of this Notice of Removal. Exhibit "A" includes the following documents: Plaintiffs' Petition for Damages, Service copies of Petition issued, Request for Notice, and Case Management Order Regarding Certain Property Damage Suit Arising From Hurricane Ida.

23.

Scottsdale expressly reserves any and all defenses, whether in law or in fact, including but not limited to, lack of jurisdiction, improper venue, insufficient service of process, prescription, laches, failure to state a claim upon which relief can be granted and/or limitation of liability on its own behalf and/or on behalf of its underwriters.

**WHEREFORE**, Defendant, Scottsdale Insurance Company, prays that this Court recognize and exercise its jurisdiction over this matter and that the civil action instituted by Plaintiffs in the Civil District Court for the Parish of Orleans, State of Louisiana, in the action entitled *Clayton Ventures, L.L.C., and Terrell Clayton v. Scottsdale Insurance Company*, Docket No. 2023-10061, Division "I," Section 5, be removed to this Court for all further proceedings.

[Signature and Certificate of Service on following page]

Respectfully submitted:

s/Mark E. Hanna
MARK E. HANNA (#19336)
KATHRYN L. BRIUGLIO (#40291)
MOULEDOUX, BLAND, LEGRAND &
    BRACKETT, LLC
701 Poydras Street, Suite 600
New Orleans, Louisiana 70139
Telephone:  (504) 595-3000
Facsimile:  (504) 522-2121
E-mail:  mhanna@mblb.com
       kbriuglio@mblb.com

*Attorneys for Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all CM/ECF participants.

I further certify that I mailed the foregoing document and the notice of electronic filing by electronic mail to the following:

**Plaintiffs, Clayton Ventures, LLC and Terrell Clayton, through counsel of record:**
Cesar R. Burgos (#24328)
Robert J. Daigre (#23016)
George M. McGregor (#33977)
William R. Penton, III (#34341)
Leila M. Bonilla (#38631)
Burgos & Associates, LLC
3535 Canal Street
New Orleans, Louisiana 70119
Telephone:  (504) 488-3722
Facsimile:  (504) 482-8525
E-mail:  gmcgregor@burgoslawfirm.com

                s/Mark E. Hanna